UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN R. HOOD, JR.,

    Plaintiff,

v

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

Case No. 1:15-cv-1279

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff, proceeding pro se, filed this action on December 10, 2015, alleging wrongful employment termination (Dkt 1). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 6), recommending that this Court dismiss Plaintiff's complaint as precluded under the doctrine of res judicata. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 8).[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. For the reasons that follow, the Court denies Plaintiff's objections and issues this Opinion and Order.

---

[1] This case is decided concurrently with Plaintiff's two other filed complaints, both resulting in dismissal for the same reasons as discussed herein. *See Hood v. United States*, No. 1:15-cv-1247 (W.D. Mich.); *Hood v. United States*, No. 1:15-cv-1278 (W.D. Mich.).

Plaintiff objects to the Magistrate Judge's recommendation that his case be dismissed because of res judicata (Objs., Dkt 8 at PageID.49; R&R, Dkt 6 at PageID.46). Plaintiff asserts that in this new case "[n]ot all actions relate to my termination and are considered individual, unique, and separate transactions from my termination" (*id.*). Furthermore, Plaintiff contends that "[i]n all six complaints that the [Magistrate Judge] referenced, none were decided on their merits or . . . resolve[d] based on the facts and evidence of the case . . ." (*id.*), and he contends that the requested relief is different from his previously filed complaints (*id.* at PageID.49-50). Because Plaintiff believes res judicata does not apply, he objects to the Magistrate Judge's failure to analyze the merits of his underlying claims (*id.*).

Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Under the doctrine of res judicata, a claim is precluded from re-litigation when the following elements are met:

> (1) a final decision on the merits in the first action by a court of competent jurisdiction;
>
> (2) the second action involves the same parties, or their privies, as the first;
>
> (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and
>
> (4) an identity of the causes of action.

*Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992) (citing *King v. South Cent. Bell Tel. & Tel. Co.*, 790 F.2d 524 (6th Cir. 1986)).

First, Plaintiff's assertion that none of his previous complaints were "decided on their merits" (Objs., Dkt 8 at PageID.49) is without merit. Plaintiff's previous complaints were dismissed with prejudice. *See Hood v. Brennan*, No. 1:14-cv-1104, 2015 WL 4173425, at *7 (W.D. Mich. July 10,

2015).² "A dismissal with prejudice 'operates as a final adjudication on the merits and has a res judicata effect.'" *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 870 (6th Cir. 2015) (quoting *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001)).

Second, Plaintiff's argument that because he alleged different recovery theories and different relief requests, the claims in his complaints are different (Objs., Dkt 8 at PageID.49-50), is without merit. "The accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 n.22 (1982)). Plaintiff's failure to bring claims under different theories in his previous complaints does not now shield him from claim preclusion. "A final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery *that could have been presented*." *Armour v. McCalla*, 16 F. App'x 305, 306 (6th Cir. 2001) (unpublished) (emphasis added) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996)). Plaintiff's claims arise under the same transaction or series of transactions—his employment and subsequent termination with the United States Postal Service—and the Magistrate did not err in recommending dismissal based on this.

Plaintiff proffers no argument that would warrant rejecting the Magistrate Judge's conclusion that his Complaint fails to state a claim upon which relief could be granted based on either of the two remaining elements of res judicata. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to

---

²Plaintiff's previous six complaints were consolidated into one opinion.

"specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

Therefore, the Magistrate Judge did not err in recommending that Plaintiff's case be barred under the doctrine of res judicata because (1) Plaintiff's previous complaints were dismissed with prejudice, which is a final judgment on the merits; (2) Plaintiff's claim arises from the same transaction, or series of transactions, alleged in his previous complaints; and (3) Plaintiff does not contest the remaining two elements of res judicata.

As the Court's decision terminates this action, the Court will also enter a corresponding Judgment.  *See* FED. R. CIV. P. 58.

**IT IS HEREBY ORDERED** that the Objections (Dkt 8) are DENIED and the Report and Recommendation (Dkt 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE under the doctrine of res judicata.

Date:  October 17, 2016                                        /s/ Janet T. Neff              
                                                               JANET T. NEFF
                                                               United States District Judge